IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA B. KOJANCIE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civ. No. 09-104E |
| ) | |
| KIM GABRIEL et al. , ) | |
| ) | |
| Defendants, ) | |
| ) | |

## OPINION

Pending before the Court is Defendants' Motion to Dismiss and/or Motion to Strike [Doc. #3]. In their motion, Defendants "request this Court dismiss Counts I, II , and III as to Defendant Career Advantage, Inc., of Trumbull based on a lack of personal jurisdiction; dismiss Counts I, II, and III as to all defendants for failure to include Career Advantage, Inc. Of Erie County as an indispensable party and/or require Plaintiff to amend the Complaint to include the same; dismiss Count 1 for failure [of] Plaintiff to adequately plead her Fair Labor Standards Act claim; and strike Counts II and III due to lack of supplemental jurisdiction." Defendants' Motion to Dismiss and/or Motion to Strike, p. 1. For the reasons set forth below, the Defendants' Motion to Dismiss and/or Motion to Strike is denied.

**A. Personal jurisdiction issue.**

We turn first to the issue of whether we have personal jurisdiction over Defendant Career Advantage, Inc., of Trumbull County ("CA Trumbull"), an Ohio corporation, for purposes of Plaintiff's claims. A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(e); Pennzoil Prod. Co. v. Colelli & Assocs., Inc., 149 F.3d

197, 200 (3d Cir.1998) (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." Mellon Bank (East) PSFS, National Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir.1992) (citation omitted). Pennsylvania's long-arm statute, 42 Pa. Cons.Stat. Ann. § 5322(a), lists specific scenarios under which a court has jurisdiction over a non-resident defendant, such as:

> (a) General rule.--A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:
> (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
> (I) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
> (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
> (iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.
> (iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.
> (v) The ownership, use or possession of any real property situate within this Commonwealth.

42 Pa.S.C.A. § 5322(a)(1). In addition, the statute authorizes Pennsylvania courts 'to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.'" Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citing Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221

(3d Cir. 1992)). Accordingly, in determining whether there is personal jurisdiction, we must determine whether, under the Due Process Clause, CA Trumbull has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotation marks omitted).

Personal jurisdiction may be either general or specific, and both the quality and quantity of the necessary contacts differs according to which sort of jurisdiction applies. Personal jurisdiction can exist in one of two forms: specific jurisdiction or general jurisdiction. Specific jurisdiction applies where the "cause of action is related to or arises out of the defendant's contacts with the forum," Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir.2003) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir.2002), while general jurisdiction exists where the defendant's contacts with the forum are "continuous and systematic" but are not related to the plaintiffs cause of action. Pennzoil Products Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted).

Significantly, courts must resolve the question of personal jurisdiction "based on the circumstances that the particular case presents." Brooks v. Bacardi Rum Corp., 943 F.Supp. 559, 562 (E.D.Pa. 1996) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485, 105 S.Ct. 2174 (1985). Due process, then, is an individualized inquiry. Mellon Bank, 960 F.2d at 1224-25. Consistent with the requirements of due process, we must ensure that a defendant is subjected to personal jurisdiction only where its activities have been purposefully directed at residents of the forum, or otherwise availed itself of the privilege of conducting activities there. Burger King, 471 U.S. at 472; Hanson v. Denckla, 357 U.S. 235, 253 (1958).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (2) for lack of personal jurisdiction, we must accept as true all allegations contained in the complaint. William Rosenstein & Sons, Co. v. BBI Produce, Inc., 123 F.Supp.2d 268, 269 (M.D. Pa.2000) (citing Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.1996)). "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction" D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir.2001)). Notably, "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted).

Defendants argue that this Court has neither general nor specific personal jurisdiction over CA Trumbull: "Plaintiff has not, nor can she, specifically reference any action or conduct by CA Trumbull in Pennsylvania or directed towards her or in general towards Pennsylvania that would support the exercise of either specific or general jurisdiction over CA Trumbull in this matter." Defendants' Brief in Support of Motion to Dismiss and/or Motion to Strike ("Defendants' Supporting Brief"), p. 7. In support of their argument, Defendants have submitted the affidavits of Joseph Angelo and Michael Angelo. Exhibits A and B to Defendants' Supporting Brief. They have also submitted a Certificate from the State of Ohio which indicates that the Secretary of the State of Ohio has custody of the business records for CA Trumbull, including CA Trumbull's Domestic Articles/For Profit paperwork

4

and the Initial Articles of Incorporation for CA Trumbull in Ohio. Exhibit C to Defendants' Supporting Brief.

     Joseph Angelo is an officer and incorporator of CA Trumbull and also an officer of Career Advantage, Inc. of Erie County ("CA Erie"). Joseph Angelo Affidavit, Ex. B to Defendants' Supporting Brief, ¶ 1. He is familiar with the functioning and conduct of both businesses. Id. at ¶ 2. Joseph Angelo states that Plaintiff was an employee of CA Erie, CA Erie is a distinct entity from Career Advantage, Inc. of Western Pennsylvania ("CA Western Pennsylvania"), and CA Erie is not a branch office, division, subsidiary or parent company of either CA Trumbull or CA Western Pennsylvania. Id. at ¶ 3. To the best of Joseph Angelo's knowledge, "CA [Trumbull] does not nor has it ever done business in Pennsylvania" and "has no direction or control over the pay practices or policies of [CA Erie]." Id. at ¶ 4-5.

     Michael Angelo is the president of Defendant CA Western Pennsylvania and an incorporator of CA Trumbull and is familiar with the functioning and conduct of business of both entities. Michael Angelo Affidavit, Ex. A to Defendants' Supporting Brief, ¶ 1. Michael Angelo stated that Plaintiff was an employee of CA Erie and that CA Erie is a distinct entity from and is not a branch office, division, subsidiary company of CA Trumbull. Id. at ¶ 3. Michael Angelo further stated that to the best of his knowledge, CA Trumbull "does not nor has it ever done business in Pennsylvania" and "has no direction or control over the pay practices or policies of [CA Erie]." Id. at ¶ 4.

     In her brief in opposition to Defendants' motion to dismiss and/or motion to strike, Plaintiff argues that this Court does have personal jurisdiction over CA Trumbull and Defendant's Rule 12(b)(2) motion to dismiss should be denied for the following reasons.

5

First, Plaintiff alleged in her Complaint that she was the manager of an entity that did business as "Career Advantage" and that the defendants including CA Trumbull) acted collectively in operating the business. Plaintiff's Brief in Opposition to Motion to Dismiss/Motion to Strike ("Plaintiff's Opposition Brief"), p. 3, citing Complaint ¶¶ 5-8. Second, Plaintiff's counsel has reviewed the relevant databases from Ohio, Pennsylvania, Nevada, Delaware, and New York, and he could not locate any legal entity registered with the name Career Advantage, Inc. of Erie County.

As stated above, when, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir.2004) (citations omitted) (emphasis added).

In her Complaint, Plaintiff alleges that CA Trumbull, collectively with the rest of the Defendants, "do[es] business under the unregistered fictitious names of 'Career Advantage, Inc.' and "Career Advantage, Inc. of Erie County,' with a business address of 2829 W.26th Street, Erie, Pennsylvania 16506, and will be referred to collectively herein as "Career Advantage." Complaint, ¶ 8. Plaintiff further alleges that "[e]ach of the defendants regularly conducts business in the Commonwealth of Pennsylvania with a principal place of business in Erie, Pennsylvania." Id. at ¶ 9(d). Plaintiff further alleges that she "was employed by Career Advantage as the manager of its Erie, Pennsylvania location from on or about October 2, 2006 to January 30, 2009." Id. at ¶ 6. Plaintiff's counsel researched the status of "Career Advantages, Inc. of Erie" in Pennsylvania and surrounding states and was unable to locate

any corporation registered under the name Career Advantages, Inc. of Erie County.

Pennsylvania's long-arm statute specifically provides for personal jurisdiction over any person "engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth." See 42 Pa.C.S.A. § 5322(a)(1). Taking the allegations contained in Plaintiff's Complaint as true and drawing all factual disputes in Plaintiff's favor, Plaintiff has sufficiently established at this juncture that CA Trumbull has engaged in business in Pennsylvania and thus, maintains certain minimum contacts with Pennsylvania such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Defendants' motion to dismiss Counts I, II and III of Plaintiff's Complaint against CA Trumbull is denied. Said denial, however, is without prejudice to CA Trumbull to raise the issue again after discovery ends in this case.

### B. Joinder argument.

Defendants next move to dismiss Plaintiffs' claims against them on the basis that Plaintiff has failed to join Career Advantage, Inc. of Erie County as an indispensable party as required under Fed.R.Civ.P. 19(a'(1)(A) or Fed.R.Civ.P. (A)(1)(B):

> The failure to include [CA Erie] as a defendant implicates Subsection (A) [of Fed.R.Civ.P. 19(a)(1)] in that the Court cannot afford complete relief to Plaintiff. If it is determined, as Defendants vigorously contend, that no liability exists with the individual Defendants or with Career Advantage, Inc. of Western Pennsylvania or Career Advantage, Inc., of Trumbull County. This also implicates Subsection (B) in that the individual defendants may be exposed to inconsistent or duplicative liability as to their alleged "direction and control" of the pay practices of the named Career Advantage entities in this lawsuit,, and the unnamed, Career advantages, Inc., of Erie County - Plaintiff's actual employer.

Defendants' Supporting Brief, p. 8. In a footnote to this paragraph, Defendants states: "Even

7

though [CA Erie] has not been named as a defendant in these proceedings, it is presumed that it will also vigorously dispute Plaintiff's claims." Id. at p. 8, n. 1.

Fed.R.Civ.P. 19(a)(1)(A) and (B) state:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id. Additionally, or alternatively, Defendants ask this Court to order Plaintiff to amend her Complaint to include CA Erie as a named defendant.

In response, Plaintiff contends that "there is no evidence that any such indispensable party as 'Career Advantage, Inc. of Erie County" actually exists, such that plaintiff Kojancie might be found to have failed to join it." Plaintiff's Opposition Brief, p. 6.

With respect to the applicability of Fed.R.Civ.P. (A)(1)(B) to this case, at this juncture CA Erie has not "claim[ed] an interest in this litigation" and therefore, we find said subsection does not mandate the joinder of CA Erie. With respect to the applicability of Fed.R.Civ.P. 19(a)(1)(A) to this case, as pled, Plaintiff's Complaint is based on the contention that CA Erie is not an individual entity, but rather a fictitious name under which

8

the Defendants collectively run a business. This allegation is supported by Plaintiff's counsel's failure to be able to locate any evidence that CA Erie is a registered entity in Pennsylvania or any other surrounding state. If the allegation that CA Erie is not an individual entity, but rather a fictitious name under which the Defendants collectively run a business is true, as we must assume it is for purposes of Defendants' motion to dismiss, then "in that person's absence, the court [can] accord complete relief among existing parties." Defendants' motion to dismiss Plaintiff's Complaint and/or to require Plaintiff to join CA Erie as a defendant in this action is denied. Again, said dismissal is without prejudice for Defendants to raise this issue again after discovery in this case has been taken.

### C. Plaintiff's Fair Labor Standards Act( FLSA") claim.

Count 1 of Plaintiff's Complaint alleges a FLSA claim against all of the Defendants. Defendants move to dismiss Plaintiff's FLSA claim against them on the basis that Plaintiff's allegations fail to adequately apprise Defendants of the claims against each of them as required by Fed.R.Civ.P. 8:

> First, Plaintiff fails to state which of the named Career Advantage entities she purportedly worked for, what services she provided for each entity, and the dates during which she allegedly worked for each. Moreover, Plaintiff fails to indicate which of the individual Defendants (Michael Angelo, Joseph Angelo, and Kim Gabriel) engaged in the actions she complains of, other than to state that "the individual defendants exercised control over the defendant corporations and their pay practices.
>
> Defendants cannot reasonably be expected to defend the allegations of Plaintiff's Complaint without more specific information and have not been placed on notice as to which claims have been made against each of the defendants.

Defendants' Supporting Brief, p. 9 (citation omitted).

9

In response, Plaintiff argues that the following allegations adequately state a FLSA claim against all of the Defendants:

1. She was employed by all of the defendants collectively;
2. The defendants failed to pay her overtime as required by FLSA.
3. She was terminated in retaliation for complaining about the defendants failure to pay her properly.

Plaintiff's Opposition Brief, p. 7, citing Complaint, ¶¶ 1-17.

The standard of review to be applied by the court in reviewing a Rule 12(b)(6) motion to dismiss was recently discussed by the United States Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court stated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not

10

>bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief."

Id. at 1949-1950 (citation omitted).

Paragraph 8 of Plaintiff's Complaint alleges that "[t]he defendants have, and continue to, collectively do business under the unregistered fictitious names of 'Career Advantage, Inc.' and "Career Advantage, Inc. of Erie County,' with a business address of 2829 W.26th Street, Erie, Pennsylvania 16506, and will be referred to collectively herein as "Career Advantage." Complaint, ¶ 8. Plaintiff further alleges that "Defendant Career Advantage is an employer and an enterprise within the meaning of FLSA." Complaint, second ¶ 7. Finally, Plaintiff alleges that the following conduct by the Defendants related to Plaintiff's employment with Career Advantage as the manager of its Erie, Pennsylvania location from October 2, 2006 until January 30, 2009 was willful and intentional and violated the FLSA: (1) they failed to properly treat Plaintiff as a salaried, exempt employee; (2) they failed to pay her salary; (3) they failed to pay her overtime for hours she worked in excess of forty hours in a workweek; (4) they terminated Plaintiff in retaliation for her complaining about the defendants' failure to pay her properly; and (5) they failed to pay Plaintiff for one week of unused vacation. Complaint, ¶¶ 6, 17-18. Based upon these allegations, we find that Plaintiff has adequately pled a violation of the FLSA claim against Defendants. Defendants' Motion to Dismiss Count I based upon the failure of Plaintiff to adequately plead her Fair Labor Standards Act claim is denied.

11

**D. Plaintiff's breach of contract and Pennsylvania Wage Payment and Collection Law claims.**

Count II of Plaintiff's Complaint alleges a state law breach of contract claim. Count III of Plaintiff's Complaint alleges violation of Pennsylvania's Wage Payment and Collection Law. Defendants move to strike these claims from Plaintiff's Complaint on the basis that Plaintiff's state law claims do not derive from the same nucleus of operative facts as Plaintiff's FLSA claim and therefore, this Court does not have supplemental jurisdiction over the state law claims:

> In this matter, . . . the only relationship between Count I, and Counts II and III, is the alleged employer-employee relationship between Plaintiff and Defendants. Specifically, Count I alleges that defendants violated the FLSA by failing to properly treat Kojancie as a salaried, exempt employee; failing to pay [her] her salary; failing to pay [her] for hours worked in excess of forty (40) hours in a workweek; terminating [her] in retaliation for complaining about defendants' failure to pay her properly; and failing to pay [her] for one week of unused vacation.
>
> In Counts II and II, Plaintiff asserts breach of contract and violation of Pennsylvania's Wage Payment and Collection Law claims based on an entirely different set of operative facts. Specifically, as to these counts, Plaintiff alleges the employment contract was breached by defendants and that defendants violated the PA WPCL when they failed to pay her 20% commission on the profits of the Erie office for 2008; failed to pay commissions to her based on hours billed that exceeded 1,503 weekly hours, failing to pay a $50.00 weekly benefit to her from October 2006 to January of 2009, and failing to pay the appropriate amount of benefits from May 2008 to December 2009.

Defendants' Supporting Brief, pp. 11 and 13-14.

In response to Defendants' motion to strike Counts II and III, Plaintiff first argues that procedurally a motion to strike pursuant to Fed.R.Civ.P. 12(f) is neither an authorized nor proper way to procure the dismissal of Counts II and III of the Complaint. Plaintiff's

12

Opposition Brief, p. 8. Second, Plaintiff argues, substantively, that: [i]n the present case, there is plainly only one 'case or controversy' . . . namely, the individual and corporate defendants' collective failure to properly pay plaintiff Kojancie, as well as the defendants' retaliatory termination of plaintiff Kojancie." Plaintiff's Opposition Brief, p. 10.

28 U.S.C. § 1367(a), provides in relevant part and subject to certain exceptions, that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction over a pendent state claim is available under § 1367(a) only if three requirements are met:

> First, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court."
>
> . . .
>
> The other two requirements before federal courts may exercise supplemental jurisdiction to hear state law claims are:
> [1] The state and federal claims must derive from a common nucleus of operative facts. [2] But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

Lyon v. Whisman, 45 F.3d 758, 760 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966)).

Reviewing the allegations underlying Plaintiff's federal law claim in comparison to the allegations underlying Plaintiff's state law claims, we find that Plaintiff's FLSA claim and her state law breach of contract and Pennsylvania Wage Payment and Collection Law

claims "derive from a common nucleus of operative facts." Lyon, 45 F.3d at 760. We further find that Plaintiff's FLSA claim has "substance sufficient to confer subject matter jurisdiction on the court" and that the nature of the claims involved are such that the party would "ordinarily be expected to try them all in one judicial proceeding." Id. Accordingly, we have supplemental jurisdiction over Plaintiff's state law claims. Defendants' motion to strike Counts II and III of Plaintiff's Complaint is denied.

An appropriate Order will follow.

Date: July 31, 2009

Maurice B. Cohill, Jr.
Senior District Court Judge